Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
5670 Wilshire Boulevard, Suite 1460
Los Angeles, CA 90036-5664
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Sahag Majarian II, Esq. (#146621)
LAW OFFICES OF SAHAG MAJARIAN II
18250 Ventura Boulevard
Tarzana, CA 91356-4229
Tel.: (818) 609-0807 / Fax: (818) 609-0892
Email: SahagII@aol.com

Attorneys for Plaintiffs KENNETH MONIZ
And KEVIN HENSHAW, on behalf of
themselves and all others similarly situated

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GUTIERREZ, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>STERICYCLE, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>    Defendants. | Case No: 2:15-cv-08187-JAK(JEMx)<br>Honorable John A. Kronstadt<br>Courtroom 10B<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:  March 12, 2018<br>Time:  8:30 a,m.<br>Judge: Hon. John A. Kronstadt<br>Courtroom:  10B<br><br>Action filed: August 14, 2014<br>Trial Date: None Set |

- i -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ..................................2

III.  SUMMARY OF SETTLEMENT ...........................................................3

    A. The Proposed Stipulated Class ....................................................3

    B. Settlement Terms ........................................................................3

        i. Settlement Payments to Settlement Class Members ........................4

        ii. Class Representative Enhancements and Release Payments ..........5

        iii. Attorneys' Fees and Costs ..........................................................6

        iv. LWDA Payment ........................................................................6

        v. Settlement Administration Costs ...................................................6

        vi. Taxes .......................................................................................6

    C. Settlement Class Member Released Claims ................................7

    D. Notice and Settlement Administration ........................................7

IV.   THE PROPOSED STIPULATED CLASS SHOULD BE PROVISIONALLY CERTIFIED FOR THE PURPOSE OF SETTLEMENT ...............................8

    A. Rule 23(a) Requirements Are Met for the Stipulated Class....................9

        i. Numerosity ................................................................................9

        ii. Commonality .......................................................................... 10

        iii. Typicality................................................................................ 11

        iv. The Class Representatives and Their Counsel Satisfy the Adequacy Requirements ...................................................................... 12

    B. The Rule 23(b) Standards Are Satisfied................................. 13

        i. Common Issues Predominate ..................................................... 13

        ii. The Class Action Device Is Superior to Other Available Methods of Adjudication ......................................................................... 14

        iii. No Manageability Issues Preclude Certification........................... 14

V.    PLAINTIFFS' LEAD COUNSEL SHOULD BE APPOINTED AS "CLASS COUNSEL" ................................................................. 15

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- ii -

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

VI.   THE SETTLEMENT CLEARLY MEETS THE STANDARD FOR
      PRELIMINARY APPROVAL ..................................................................16

      A.  The Settlement Resulted from Arm's-Length Negotiations ..................17

      B.  The Proposed Settlement is a Reasonable Compromise of Claims .......18

            i. Rounding and Donning and Doffing Claim ...................................20

            ii. Regular Rate Claim.......................................................................21

            iii. Vested vacation Claim..................................................................21

            iv. Meal & Rest Period Claims ..........................................................21

            v. Remaining Derivative Claims.......................................................22

      C.  The Settlement Has No Obvious Deficiencies ....................................23

VII.  NATURE AND METHOD OF CLASS NOTICE ....................................23

VIII. CONCLUSION ........................................................................................24

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- iii -

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT**

# TABLE OF AUTHORITIES

Page

## CASES

*Advertising Specialty Nat'l Asso. v. Federal Trade Com.*, 238 F.2d 108 (1st Cir. 1956) ................................................................. 9

*Amchem Prods, Inc. v. Windsor (1997) 521 U.S. 591* .......................... 13

*Armstrong v. Davis, 275 F. 3d 849, 868 (9th Cir. 2001)* ...................... 10

*Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004 (2012) .......... 14, 22

*Capitol People First v. State Dept. of Development Services, 155 Cal.App.4th (2007)* ................................................................................ 12

*Chindarah v. Pick Up Stix, Inc., 171 Cal.App.4th 796 (2009)* ................ 3

*Class Plaintiffs v. City of Seattle*, 955 F.2d 1268 (9th Cir. 1992) ................ 16, 17

*Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013)* .............................. 13

*Day v. NLO, 851 F.Supp. 869, 884 (S.D. Ohio 1994)* .......................... 12

*Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) ................ 8

*Gatreaux v. Pierce*, 690 F.2d 616 (7th Cir. 1982) ................................ 16

*Grant v. Capital Mgmt. Servs., L.P.*, 2013 WL 6499698 (S.D. Cal. 2013) .......... 15

*Hanlon v. Chrysler Corp.*, 150 F. 3d 1011 (9th Cir. 1998) ...................... 14, 16

*Hanlon v. Dataproducts Corp.*, 976 F.2d 497 (9th Cir. 1992) .................. 12

*In re Heritage Bond Litigation*, 2005 WL 1594403 (C.D. Cal. June 10, 2005) ... 16

*In re Itel Sec. Litig.*, 89 F.R.D. 104 (N.D. Cal. 1981) .......................... 10

*In re Surebeam Corp. Secs. Litig., 2004 WL 5159061* .......................... 12

*Joel A. v. Giuliani*, 218 F.3d 132 (2d Cir. 2000) ................................ 16

*Lazarin v. Pro Unlimited, Inc.*, 2013 WL 3541217 (N.D. Cal. 2013) ............ 14

*Leyva v. Medline Indus., 716 F.3d 510 (9th Cir. 2013)* ........................ 14

*Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) .......... 23

*Lou v. Ma Labs., Inc., 2014 WL 68605, *5 (N.D. Cal. Jan. 8, 2014)* ............ 12

*Moore v. PetSmart, Inc.*, U.S. Dist. LEXIS 67235 (N.D. 2014 .................. 8

*Nat'l Rural Telecommunication Cooperative v. Directv, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ........................................................................ 17

- iv -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

*Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615 (C.D. Cal. 1982) ........................................................................ 16

*Rodriguez v. Hayes*, 591 F.3d 1105 (9th Cir. 2010) ............................................ 11

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) .................... 17

*See's Candy Shops, Inc. v. The Superior Court of San Diego*, (2012) 210 Cal.App. 4th 889 ................................................................................................................. 20

*Tibble v. Edison Int'l*, 711 F.3d 1061 (9th Cir. 2013) ......................................... 12

*United Steel, Paper & Forestry, Rubber, Mfg. Energy v. Conoco Phillips Co.*, 593 F.3d 802 (9th Cir. 2010) ..................................................................................... 9

*Va Ba Ma v. Covidien Holding, Inc.*, 2014 U.S. Dist. LEXIS 76359 (C.D. Cal. 2014) ................................................................................................................... 18

*Williams v. Vukovich*, 720 F.2d 909 (6th Cir.1983) ........................................... 18

**STATUTES**

*Fed. R. Civ. P. 23* ...................................................................... 8, 12, 13, 14

*California Labor Code §203* ............................................................. 11

*California Labor Code §226.7(b)* ...................................................... 22

**OTHER AUTHORITIES**

2 *Newberg on Class Actions* §11.24 (4th Ed. & Supp. 2002) ....................... 18, 24

*Manual for Complex Litigation*, Fourth, § 22.661 (2004) ........................... 17, 18

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

## I. INTRODUCTION

On or about August 14, 2014, former named Plaintiff, Sergio Gutierrez, filed a class action ("the Lawsuit") in the Superior Court for the County of Los Angeles, entitled *Sergio Gutierrez v. Stericycle, Inc.* The Lawsuit alleged various wage and hour claims, including that Stericycle failed to pay all wages owed based on their time rounding and donning and doffing policies, did not include all bonuses in the overtime rate, failed to pay all vested vacation payments due, failed to provide statutory meal and rest periods and derivative claims for failure to provide accurate wage statements, waiting time penalties, PAGA and unfair competition. When Gutierrez passed away during the litigation, Plaintiffs substituted two new class representatives in his place. The action was removed to the United States District Court for the Central District of California on or about October 19, 2015, and the action has been litigated in federal court since that time.

On June 12, 2017 the parties mediated the Lawsuit before the Honorable Carl J. West (Retired). The case did not resolve at mediation, but settlement discussions continued and the Parties ultimately reached a settlement on November 21, 2017. At all times, the Parties' settlement negotiations have been non-collusive, adversarial, and at arm's length.

Based on their own independent investigation and evaluation, Class Counsel believes the Settlement is fair, reasonable, and adequate and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of loss and significant delay and defenses asserted by Defendant. The parties reached an agreement in principle for a settlement of $2,000,000 with no claim form requirement and with no residual to the Defendant. All terms of the Parties' settlement are contained within the Joint Stipulation Of Settlement And Release, which, if approved as requested, is projected to pay **the average class member will receive approximately $970 with the highest pay out projected to be over approximately $2,740** (see Barnes Declaration, paragraph 10).

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## II. FACTUAL AND PROCEDURAL BACKGROUND

This case is a putative class action on behalf of Stericycle non-exempt employees who worked for Defendant in California at any time during the time period of August 14, 2010 and September 18, 2017. Stericycle is in the business of collecting, processing and disposing of medical waste throughout California and has employees in over 28 locations in California.

On August 14, 2014, former named Plaintiff, Sergio Gutierrez, filed this Lawsuit alleging various wage and hour claims, including that Stericycle failed to pay all wages owed based on their time rounding and donning and doffing policies, did not include all bonuses in the overtime rate, failed to pay all vested vacation payments due, failed to provide statutory meal and rest periods and derivative claims for failure to provide accurate wage statements, waiting time penalties, PAGA and unfair competition.

Prior to the mediation, the Parties conducted significant investigation and discovery of the facts and law both before and after the Action was filed. The parties engage in law and motion, including a demurrer and motion for remand. Plaintiff propounded demands for production of documents and special interrogatories, all of which sought information and documents relating to Defendant's rounding, donning and doffing, regular/overtime rate, meal, rest and vacation policies affecting its California non-exempt workforce during the class period. Defendant provided both formal and informal production of documents as part of the litigation and for the mediation. Plaintiffs Counsels conducted interviews with class members throughout the state. Plaintiffs retained an expert economist to review and evaluate all of Defendants time and pay records and create a damage model for mediation. Through this discovery, Plaintiffs were well positioned to evaluate the strengths and vulnerabilities of the claims to engage in settlement discussions at the formal June 12, 2017 mediation and the direct settlement negotiation thereafter the eventually led to this settlement. It is based on the substantial efforts, investigation, and collaboration of Plaintiffs' counsel and

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs that the instant settlement was reached (see Barnes Declaration, paragraph 7).

### III.        SUMMARY OF SETTLEMENT

#### A.  The Proposed Stipulated Class

The terms of the settlement are set forth in the Stipulation of Class Settlement And Release (herein after "Agreement" attached as Exhibit 1 to the Declaration of Kevin T. Barnes).  The principal terms are as follows:

The proposed "Settlement Class" is comprised of "All non-exempt hourly employees who worked for Stericycle in California at an time between August 14, 2010 and September 18, 2017, except the class shall not include: (1) members of the settlement class in the class action *Butler v. Stericycle, Inc*.; (2) any non-exempt employees who worked for Stericycle in California but was hired on or after April 1, 2017; (3) any other individuals who have filed their own lawsuits asserting any of the claims raised in the *Gutierrez v. Stericycle, Inc* lawsuit; or (4) any Class Member who entered into a general release as part of a settlement of a lawsuit."

#### B.  Settlement Terms

Under the proposed Settlement, Defendant shall pay $2,000,000. This Gross Settlement Amount includes payments made to Settlement Class Members, settlement administration costs, awards of attorneys' fees and costs, the Class Representative Enhancements for each Plaintiff, employee payroll taxes on the portion of the settlement payments to Settlement Class Members deemed as wages, and payment to the California LWDA.

Beginning in  2015, in a direct attempt to minimize the exposure of the current Lawsuit, Stericycle offered individual settlements to individuals who will fall within the Settlement Class pursuant to *Chindarah v. Pick Up Stix, Inc*., 171 Cal. App. 4th 796 (2009).  **Defendant has paid $460,000 to class members as part of this Pick Up Stix settlement.** To the extent those employees signed their individual settlement agreement and accepted the settlements and received

- 3 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

payments as a result (entered into a "Pick Up Stix settlement"), they will receive no money for all of their shifts worked during the time period covered by their individual settlement agreement. However, employees who signed their individual settlement agreement and accepted the settlements and received payments as a result but who continued to work for Stericycle, will receive money for all of their work shifts worked after the time period covered by their individual settlement agreement. To the extent employees received settlements but did no work after agreeing to the settlement (e.g., they were former employees at the time), they will not participate as class members in this settlement.

     i. <u>Settlement Payments to Settlement Class Members</u>

Subject to the $460,000 credit described above in paragraph B above, the Net Fund Value, which would be approximately Nine Hundred Fifty Six Thousand Two Hundred Thirty-Nine Dollars ($956,239) if all requested attorney's fees, costs, enhancements and the PAGA payments are approved, will be distributed proportionally based on the number of work shifts each class member worked in a class position during the period from August 14, 2010 to September 18, 2017 (excluding periods covered by Pick Up Stix releases).  To calculate the work shifts, the parties will count the number of each class members' work shifts recorded in Stericycle's timekeeping system during the class period, with a shift being defined as any day on which the employee clocked in for work in Stericycle's timekeeping system and also clocked out.  Each person will then receive a share calculated by dividing their individual work shift total by the aggregate number of all class members' work shifts multiplied by the Net Fund Value.  As explained above, to the extent employees signed their individual settlement agreement and accepted the settlements and received payments as a result, those work shifts worked during the time period covered by their individual settlement agreement will not be counted towards each such class members' work shifts recorded in Stericycle's timekeeping system during the class period or in the aggregate number of all class members' work shifts.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Defendant has certified that the number of work shifts that have accrued for all Class Members from August 14, 2010 to September 18, 2017 is 622,987. This shift count excludes all of the following work shifts: (1) members of the settlement class in the class action *Butler v. Stericycle, Inc*.; (2) any non-exempt employees who worked for Stericycle in California but was hired after April 1, 2017; (3) any other individuals who have filed their own lawsuits asserting any of the claims raised in the *Gutierrez v. Stericycle, Inc* lawsuit; (4) all work shifts for worked during the time period covered by their individual settlement agreement for employees who signed their individual settlement agreement and accepted the settlements and received payments as a result; and (5) any Class Member who entered into a general release as part of a settlement of a lawsuit. If the number of work shifts actually accrued from August 14, 2010 to September 18, 2017 should exceed the number of such work shifts certified by Defendant by more than five percent (5%), the Class Settlement Amount shall be increased by the percentage difference between the certified amount and the actual number of work shifts from August 14, 2010 to September 18, 2017.

Each Settlement Class Member will receive a proportionate share of the Net Settlement Amount that is equal to (i) the number of workweeks he or she worked based on the Class Data provided by Defendant, divided by (ii) the total number of workweeks worked by all Participating Class Members based on the same Class Data, which is then multiplied by the Net Settlement Amount. Therefore, the results of the Class Member's settlement value ties directly to the amount of workweeks worked.

ii.   Class Representative Enhancements and Release Payments

Subject to Court approval, each Plaintiff shall be paid a Class Representative Enhancement not to exceed $10,000 each for their time and effort in bringing and presenting the action, and in exchange for a general release of all claims, known or unknown, pursuant to *Civil Code* §1542. Any enhancement awards shall be paid

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

from the Gross Settlement Amount and in the event Plaintiffs are awarded less than requested, the remainder shall be redistributed pro-rata to class members.

iii.   Attorneys' Fees and Costs

Subject to Court approval, Plaintiffs' Counsel shall receive an award of attorneys' fees in an amount not to exceed $500,000, representing 25% of the Gross Settlement Amount, and costs in an amount not to exceed $26,000. Any attorney fees or costs awarded shall be paid from the Gross Settlement Amount and, in the event counsel is awarded less than requested, shall be redistributed pro-rata to class members.

iv.   LWDA Payment

Subject to Court Approval, $15,000 of the Gross Settlement Amount shall be allocated to settlement of PAGA claims—75% of which shall be paid to the LWDA and 25% of which shall be part of the Net Settlement Amount distributed to Settlement Class Members.

v.   Settlement Administration Costs

The Parties have agreed to the appointment of Rust Consulting, Inc. (hereinafter referred to as "Rust") as the Class Administrator. Rust is an experienced class settlement administration company, and has acted as claims administrator in numerous wage and hour cases. Rust has provided an estimate that its expenses will not exceed $27,000 to administrate this settlement, which falls within the range of estimates counsel has been quoted and billed in the past with settlements of similar size and circumstances. The parties have agreed that this sum will be paid out of the Gross Settlement Amount and in the event the Class Administrator is awarded less than requested, shall be redistributed pro-rata to class members.

vi.   Taxes

Employee taxes will be deducted from the wage portion of the individual settlement payments to Settlement Class Members. These taxes shall be paid from

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

the Net Settlement Amount. Employers' share of payroll taxes shall be paid in addition to the Net Settlement Amount.

## C. Settlement Class Member Released Claims

Upon final approval by the Court, the Settlement Class and each Class Member who has not submitted a timely and valid request for exclusion will release Stericycle and the Releasees from the Released Class Claims defined as any and all claims asserted in the operative Complaint and any other claims based on the same cited statutes or underlying facts.   The release will apply to any claims arising within the scope of the Lawsuit from August 14, 2010 through November 30, 2017.

The Class Members agree to release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all of the Class Members (including participation to any extent in any class or collective action), to obtain a recovery against any of the Released Parties for the Released Claims.  The Class Members' release shall not include or release all other claims including claims outside the Class Period, claims for unemployment insurance, wrongful termination, hostile work environment, Title VII, FEHA and disability and workers' compensation.

## D. Notice and Settlement Administration

Subject to Court approval, the Claims Administrator shall perform, without limitation, the following duties: (a) using the data provided by Defendant to prepare the Class Notice; (b) mailing the Settlement Documents to Class Members by First Class U.S. Mail; (c) tracking returned Requests for Exclusion, Objections or work week disputes; (d) notifying Defendant and Class Counsel of timely and untimely exclusions, objections or work week disputes; (e) calculating the amounts due to each Class Member pursuant to the Settlement; (f) notifying Defendant and Class Counsel of any disputes regarding claims by the Class Members; (g) allowing Defendant and Class Counsel to comment on any disputes regarding claims by the Class Members, and making a final decision which will be binding

- 7-

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

on the Parties and the Class Members and non-appealable; (h) preparing and mailing all settlement checks and tax forms to Qualified Claimants by First Class U.S. Mail; and (i) collecting cashed settlement checks and tracking signatures. The Claims Administrator will provide to Class Counsel and to Defendant's Counsel the number of Class Members who (a) object to the Settlement, (b) request exclusion from the Settlement, or (c) otherwise express any opposition to the Settlement, within five (5) calendar days of such occurrence.

The Class Notice will be in a form substantially identical to Exhibit A attached to the Agreement, with such modifications as the Court may order. The purpose of the Class Notice is to inform Class Members of the nature of the lawsuit, summarize the proposed settlement, define the Stipulated Class, describe how to submit Requests for Exclusion, describe how to submit Objections, indicate how to determine the date for the hearing on Final Approval, and describe how Individual Settlement Shares are determined.

Settlement Class Members who wish to opt out of, or object to, the settlement will have 45 days from the mailing of the Class Notice to postmark a Request for Exclusion form, or objection to, the Settlement (see Agreement" attached as Exhibit 1 to the Declaration of Kevin T. Barnes).

## IV. THE PROPOSED STIPULATED CLASS SHOULD BE PROVISIONALLY CERTIFIED FOR THE PURPOSES OF SETTLEMENT

A class action may be certified under the Federal Rules of Civil Procedure if all four prerequisites under Rule 23(a) are satisfied and at least one subsection under Rule 23(b) is met. *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977); *Moore v. PetSmart, Inc.*, U.S. Dist. LEXIS 67235, *4, *5 (N.D. 2014). Under Rule 23(a), a class may only be certified if the class is so numerous that joinder is rendered impracticable; there are questions of law or fact common to the class; the claims or defenses of the representative parties are typical of those of the class; and the representative parties will fairly and adequately protect the interests of the class. *Fed. R. Civ. P.* 23(a).

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.,
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

The party seeking certification of a proposed settlement class must also show that the action falls within one of the three subsections of Rule 23(b) relating to predominance of common questions and superiority of the class action mechanism. All of the requirements of Rule 23(a) and 23(b) are met here.

The parties seek provisional certification of a class defined in the Agreement as follows: "All non-exempt hourly employees who worked for Stericycle in California at an time between August 14, 2010 and September 18, 2017, except the class shall not include: (1) members of the settlement class in the class action Butler v. Stericycle, Inc.; (2) any non-exempt employees who worked for Stericycle in California but was hired on or after April 1, 2017; (3) any other individuals who have filed their own lawsuits asserting any of the claims raised in the Gutierrez v. Stericycle, Inc lawsuit; or (4) any Class Member who entered into a general release as part of a settlement of a lawsuit."

## A. Rule 23(a) Requirements Are Met for the Stipulated Class

In seeking certification of a class pursuant to Rule 23, Plaintiffs have the burden of showing the four requirements of Rule 23(a) as well as one of the requirements of Rule 23(b). The four requirements of Rule 23(a) are typically referred to as: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. *United Steel, Paper & Forestry, Rubber, Mfg. Energy v. Conoco Phillips Co.*, 593 F.3d 802, 806 (9th Cir. 2010). In this case, the Parties agree to provisional certification of the Stipulated Class under Rule 23(b)(3) which has the added requirements of "predominance." Defendant does not oppose certification for the purpose of settlement only.

### i. Numerosity

Rule 23(a)(1) is typically referred to as "numerosity" in that it requires a class that is "so numerous that joinder of all members is impracticable." The term "impracticable" does not mean "impossible," and only refers to "the difficulty or inconvenience of joining all members of the class." *Advertising Specialty Nat'l Asso. v. Federal Trade Com.*, 238 F.2d 108, 119 (1st Cir. 1956). Courts have

- 9 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

regularly certified classes with less than one hundred members. See *In re Itel Sec. Litig.*, 89 F.R.D. 104, 111-12 (N.D. Cal. 1981) ("Where the number of class members exceeds forty, and particularly where class members number in excess of one hundred, the numerosity requirement will usually be met."). Here, there are approximately 984 Class Members and it would clearly not be practical to join so many parties to the lawsuit. Therefore, in this case, the numerosity requirement is satisfied.

### ii. Commonality

Rule 23(a) requires that "there are questions of law or fact common to the class." However, "all questions of fact and law need not be common to satisfy the rule...[and] [t]he existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class. *Hanlon,* 150 F.3d at 1019. The Ninth Circuit has held that commonality exists "where the lawsuit challenges a system-wide practice or policy that affects all of the putative class members." *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001). Therefore, to satisfy the commonality requirement, the claims must depend upon a common contention that "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of those claims in one stroke." *Dukes, supra,* 131 S.Ct. at 2551.

Here, Plaintiffs believe that there are common questions of law and fact as to the Class which predominate over questions affecting only individual members including, without limitation, to:

      a.    Whether the Defendant's rounding policy was lawful and if not, whether Defendant paid for all hours worked;

      b.    Whether the Defendant's donning and doffing policy was lawful and if not, whether Defendant paid for all hours worked;

      c.    Whether the Defendant included all bonuses in the overtime rate;

- 10-

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

d.    Whether the Defendant paid for al vested vacation payments;

e.    Whether the Defendant provided lawful meal periods and if not, whether Defendant paid all meal period premium payments for any meal period violation;

f.    Whether the Defendant provided lawful rest periods and if not, whether Defendant paid rest period premium payments for any rest period violation;

g.    Whether the Defendant provided lawful wage statements in compliance with California Labor Code §226;

h.    Whether the Defendant timely provided final wage payments in compliance with California Labor Code §203;

f.    Whether the Defendant engaged in unfair business practices;

g.    Whether the Defendant was a participant in the alleged unlawful and/or tortious conduct; and

h.    Whether the Defendant's conduct was willful or reckless.

Plaintiffs contend that these questions will result in common answers that are apt to resolve the issues in the matter, because Plaintiff's challenges are predicated on how the factfinder weighs in on policies Plaintiffs claim are uniformly applicable to all class members. Defendant, while not admitting that there are common questions of law and fact sufficient to justify a litigation class, agrees that there are sufficient common questions to support creation of a Settlement class.

iii.   Typicality

Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." This requirement is "permissive" and requires only that the representative's claims are reasonably related to those of the absent class members. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010). The permissive standard of typicality focuses on similarity between the

**- 11 -**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

legal theories of the proposed class representatives and the legal theories of those class members they seek to represent. *See Tibble v. Edison Int'l*, 711 F.3d 1061, 1074 (9th Cir. 2013). In deciding whether individual variations preclude typicality, the focus should be on the behavior of the defendants. *Day v. NLO*, 851 F.Supp. 869, 884 (S.D. Ohio 1994); *Capitol People First v. State Dept. of Developmental Services*, 155 Cal. App. 4th 676, 692-93 (2007). The typicality requirement is satisfied "whether other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether the other class members have been injured by the same course of conduct." *Hanlon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, claims of the Class Representatives are typical of the Class Members, because each were hourly non-exempt employee who worked for Defendant in Californian during the class period and were subject to the same alleged policies complained of in this matter.

   iv. <u>The Class Representatives and Their Counsel Satisfy the Adequacy Requirements</u>

The proposed Class Representatives and their counsel have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement has two prongs, the first being "that the representative party's attorney be qualified, experienced, and generally able to conduct the litigation." *In re Surebeam Corp. Secs. Litig.*, 2004 WL 5159061, *5 (S.D. Cal. 2004). In this case, Plaintiffs' Counsel, the Law Offices of Kevin T. Barnes and Law Offices of Sahag Majarian II easily meet this standard. These firms have been appointed lead counsel in numerous class actions (s*ee* Barnes and Majarian Decl.'s).

The second prong of the adequacy test is "that the suit not be collusive and plaintiff's interests not be antagonistic to those of the remainder of the class." *In re Surebeam Corp. Secs. Litig.*, 2004 WL 5159061, *1-2 (S.D. Cal. 2004); *Lou v. Ma Labs., Inc.*, 2014 WL 68605, *5 (N.D. Cal. Jan. 8, 2014). Here, there is no

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

evidence of antagonism between the Class Representatives' interests and those of the Settlement Class. The Class Representatives have litigated this case in good faith and the interests of the Class Representatives are aligned with those of the Class as they both share a common interest in challenging the legality of the alleged policies and procedures on which the claims are based. There is no evidence of any collusion between the Parties, and there is none.

These same reasons – that the Class Representatives will fairly and adequately protect the class' interests, that they have no antagonistic interests to the class, and that they have litigated this case in good faith – compel that they should be appointed as Class Representatives. Defendant does not oppose the appointment of Plaintiffs as Class Representatives for the purposes of settlement only.

### B. The Rule 23(b) Standards Are Satisfied

#### i. Common Issues Predominate

In addition to the Rule 23(a) requirements, a district court must also find that common issues of law or fact "predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). With regard to the requirements of subsection (b), Rule 23(b)(3) allows class certification where common questions of law and fact predominate over individual questions of law and fact predominate over individual questions and class treatment is superior to individual litigation. The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods, Inc. v. Windsor* (1997) 521 U.S. 591. To determine whether common questions predominate, the court is to consider "the relationship between the common and individual issues."

The proposed Stipulated Class in this case is sufficiently cohesive to warrant adjudication by representation. See *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1436 (2013). Furthermore, because the "predominance" factor concerns liability, any variation in damages is plainly insufficient to defeat class certification. *Leyva*

- 13-

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

*v. Medline Indus.*, 716 F.3d 510, 514 (9th Cir. 2013).  Plaintiffs contend all claims in this litigation are based on allegedly common, class-wide policies and procedures, and that liability could accordingly be determined on a class-wide basis, without dependence on individual assessments of liability. *Brinker Restaurant Corp. v. Superior Court*, 53 Cal.4th 1004, 1033 (2012) ("Claims alleging that a uniform policy consistently applied to a group of employees is in violation of the wage and hour laws are of the sort routinely, and properly, found suitable for class treatment.").

As noted above, the major issues of whether Defendant properly compensated Plaintiff and the putative class stem from what Plaintiffs claim are Defendant's alleged uniform policies that Plaintiffs contend deprive them and the class of compliant pay, vacation, meal and rest periods and derivative claims.

ii. <u>The Class Action Device Is Superior to Other Available Methods of Adjudication</u>

The class action device proposed herein is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).  Certification of the Stipulated Class will allow Class Members' claims to be fairly, adequately, and efficiently resolved to a degree that no other mechanism or forum would provide. As in *Hanlon*, alternative methods of resolution would be individual claims for relatively small amount of damages. *Hanlon v. Chrysler Corp.*, 150 F. 3d 1011, 1019-20 (9th Cir. 1998). These claims "'would prove uneconomic for potential plaintiffs' because 'litigation costs would dwarf potential recovery.'" *Id.* at 1023.

iii. <u>No Manageability Issues Preclude Certification</u>

Finally, no issues of manageability preclude certification of the Stipulated Class. A court faced with a request for a settlement-only class like this one need not inquire whether the case would present intractable problems of trial management, even though other requirements under Rule 23 must still be satisfied. See, e.g., *Lazarin v. Pro Unlimited, Inc.*, 2013 WL 3541217, *5 (N.D. Cal. 2013).

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
Barnes@kbarnes.com

- 14-

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

In any event, as discussed below, the proposed plan of distribution and settlement process are efficient and manageable.

## V. PLAINTIFFS' LEAD COUNSEL SHOULD BE APPOINTED AS "CLASS COUNSEL"

Federal Rule of Civil Procedure 23(g) requires that courts consider the following four factors when appointing settlement class counsel: (1) whether counsel has investigated the class claims; (2) whether counsel is experienced in handling class actions and complex litigation; (3) whether counsel is knowledgeable regarding the applicable law; and (4) whether counsel will commit adequate resources to representing the class. *See Grant v. Capital Mgmt. Servs., L.P.*, 2013 WL 6499698, *2-3 (S.D. Cal. 2013). It is clear from the record presented herein that Plaintiffs' Counsel should be appointed Class Counsel.

As noted in the Barnes and Majarian Declarations submitted herewith, Plaintiffs' Counsel are highly experienced and knowledgeable regarding complex wage and hour class actions like this one (see Barnes and Majarian Decl.'s). Plaintiffs' counsel have prosecuted numerous cases on behalf of employees for *California Labor Code* violations and thus are experienced and qualified to evaluate the class claims and to evaluate settlement versus trial on a fully informed basis, and to evaluate the viability of the defenses (see Barnes and Majarian Decl.'s). This experience instructed Plaintiffs' counsel on the risks and uncertainties of further litigation and guided their determination to endorse the proposed settlement.

In sum, the Law Offices of Kevin T. Barnes and Law Offices of Sahag Majarian II have fully committed its resources to represent the class in this case, have the skill and expertise to do it properly, and will continue to do so whether or not the Settlement is approved. Accordingly, appointment of the Law Offices of Kevin T. Barnes and Law Offices of Sahag Majarian II as Class Counsel is appropriate.

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

## VI.     THE SETTLEMENT CLEARLY MEETS THE STANDARD FOR PRELIMINARY APPROVAL

Federal Rule of Civil Procedure 23(e) provides that any compromise of a class action must receive Court approval. The court has broad discretion to grant such approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998); *Joel A. v. Giuliani*, 218 F.3d 132, 138 (2d Cir. 2000). In determining whether a proposed settlement should be approved, the Ninth Circuit has a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *In re Heritage Bond Litigation*, 2005 WL 1594403 (C.D. Cal. June 10, 2005), citing *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

Court approval involves a two-step process in which the Court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to Class Members, whether final approval is warranted. *Manual of Complex Litigation*, Fourth Ed., § 21,632 (2004); s*ee also Hanlon*, 150 F.3d at 1019.  "The court ordinarily holds a preliminary hearing to determine whether there is a likelihood it could approve the settlement before conducting a full 'fairness hearing.'"  At the preliminary approval stage, the Court need only "determine whether the proposed settlement is within the range of possible approval." *Gatreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982). Ultimately, a class action settlement should be approved if "it is fundamentally fair, adequate and reasonable." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *See also Officers for Justice v. Civil Service Com'n of City and County of San Francisco*, 688 F.2d 615, 625 (C.D. Cal. 1982) ("the court's intrusion on what is otherwise a private consensual agreement negotiated between Parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating Parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned"). There is a "strong initial

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

presumption that the compromise is fair and reasonable." *Hanlon*, 150 F.3d at 1019. Courts strongly favor settlement, particularly in complex class actions. *See, e.g.*, *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (noting that there is a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned").

Although at this stage of preliminary approval, the Court is not expected to engage in the more rigorous analysis that is required for final approval (*see Manual for Complex Litigation*, Fourth, § 22.661 at 438 (2004)), the Court's ultimate fairness determination will include balancing several factors, including some or all of the following:

> . . . the strength of plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the Class Members to the proposed settlement. *Officers for Justice*, *supra*, 688 F. 2d 615, 625.

Not all of the above factors apply to every class action settlement, and one factor alone may prove determinative in finding sufficient grounds for court approval. *Nat'l Rural Telecommunication Cooperative v. Directv, Inc.*, 221 F.R.D. 523, 525-26 (C.D. Cal. 2004). District courts have wide discretion in assessing the weight and applicability of each factor. *Id.*

**A. The Settlement Resulted from Arm's-Length Negotiations**

The Ninth Circuit has shown longstanding support of settlements reached through arms' length negotiation by capable opponents. In *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), the Ninth circuit expressly opined that courts should defer to the "private consensual decision of the [settling] Parties." *Id.* at 965, citing *Hanlon*, 150 F.3d at 1027. The primary reason for deferring to such settlements is the experience of counsel and the participation of a

**- 17 -**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

neutral (in this case, Judge Carl J. West (Retired), an experienced mediator), both of which factors are present here:

> ...the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *Id.* at 965, quoting *Officers for Justice*, *supra*, at 625.

The *Rodriguez* court "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution, and has never prescribed a particular formula by which that outcome must be tested." *Rodriguez*, *supra*, at 965 (citations omitted). As the Court explained, "In reality, parties, counsel, mediators, and district judges naturally arrive at a reasonable range for settlements by considering the likelihood of a plaintiffs' or defense verdict, the potential recovery, and the chances of obtaining it, discounted to present value." *Id.* at 965 (citations omitted). *See also*, *Williams v. Vukovich*, 720 F.2d 909, 922-923 (6th Cir.1983) ("The court should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs"); 2 *Newberg on Class Actions* §11.24 (4th Ed. & Supp. 2002); *Manual For Complex Litigation* (Fourth) §30.42). The proposed settlement here is the product of arm's-length negotiations between the Parties and the settlement only occurred as a result of the formal mediation with Judge Carl J. West (Retired), an experienced wage and hour class action mediator.

**B. The Proposed Settlement is a Reasonable Compromise of Claims**

When evaluating the settlement terms for purposes of ruling on whether to preliminarily approve it, the Court is to review the strength of the plaintiff's case, including "the probable outcome of a trial on the merits of liability and damages as to the claims, issues, or defenses of the class and individual class members." *Van Ba Ma v. Covidien Holding, Inc.*, 2014 U.S. Dist. LEXIS 76359, *1, *6-7 (C.D. Cal. 2014). In ruling on preliminary approval, the "fairness hearing is not to be turned into a trial or a rehearsal for trial on the merits." *Id.* Rather, when

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

---

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

considering the fairness of a proposed class settlement, courts consider the strength of a plaintiff's case against the risk, expense, complexity and likely duration of further litigation. *Hanlon*, 150 F.3d at 1026.

Here, Plaintiffs' theories of liability for all California non-exempt employees are for Defendant's alleged failure to pay all wages owed based on their time rounding and donning and doffing policies, did not include all bonuses in the overtime rate, failed to pay all vested vacation payments due, failed to provide statutory meal and rest periods and derivative claims for failure to provide accurate wage statements, waiting time penalties, PAGA and unfair competition.

As noted above, the factors most commonly considered by the courts at the preliminary approval stage of the proceedings include the following: ". . . the strength of plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the Class Members to the proposed settlement."

Plaintiffs estimated that Defendants potential exposure if they prevailed on everything was approximately $15.4 million (see Barnes Declaration, paragraph 10). The parties are releasing all California Labor Code claims related to the claims asserted in the First Amended Class Action Complaint. However, this estimation had to be drastically reduced to account for the substantial defenses Defendant raised. Court's in the Ninth Circuit have observed that "a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery." *Telecomm. Corp. v. DirectTV* (C.D. Cal. 2004) 221 F.R.D. 523, 527. The settlement here of $2 million is significantly more than a "fraction" when considered that it provides a definite and significant recovery in light of the risks of further litigation. Accordingly, the parties contend the proposed settlement is reasonable in light of the strengths of Plaintiff's case, the risks of further litigation,

- 19-

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

the risks of class certification, the risks of prevailing at trial and the estimated values of Plaintiffs' claims at trial. Below is a summary of the claims alleged in the First Amended Complaint and general defenses claimed by Stericycle.

### i.   <u>Rounding and Donning and Doffing Claims</u>:

Defendant has utilized a rounding policy. This policy rounds to the nearest quarter of hour. The effect of the rounding policy is that employees are not paid for all hours worked. Likewise, there is absolutely no need for this rounding policy as Defendant have an electronic timekeeping system in place during the entire class period which can keep track of the actual hours worked to the minute.  Therefore, the rounding policy is unnecessary and the results are unlawful.

Likewise, Plaintiffs are all required to put on their gear before clocking into work. In the morning, they would go to their locker and put on their uniform. This includes pants, shirt, hat, glasses, face shield, gloves, belt and boots.  After changing into their gear, they would then go and clock in. This took about 10 minutes. Almost all class members keep their uniforms in a locker and changed there.

There is no such violation at the end of the day because they were told to quit at 7:15 and then change out of their gear, even though they were paid until 7:30. Defendant allowed 15 minutes to undress (see Barnes Decl.).

Defendant contends that the rounding policy was proper and did not result in the failure to compensate the employees properly for all the time they have actually worked. Defendant also claimed that California employers have long engaged in employee time-rounding and the practice is lawful under *See's Candy Shops, Inc. v. The Superior Court of San Diego*, (2012) 210 Cal. App. 4th 889, 901 and for enforcement purposes, this practice of computing work time will be accepted by DLSE, provided that it is used in such a manner that it will not result, over a period of time, in failure to compensate the employees properly for all the time they have actually worked (see Barnes Decl.).

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 20-

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Defendant also claimed that all donning and doffing was on the clock and it was against company policy and procedure to don and doff off the clock.

### ii.      Regular Rate Claim

Defendant paid "accident points" to its employees. Employees were entitled to 25 points per month if they had no accident.  That converts to approximately $25 per month.  Plaintiffs and the class members could go online to Amazon and can buy anything. Class members work a lot of overtime and these accident points or dollars were never included in the regular rate for purposes of overtime. Employees would be paid these every month and this pay never showed up on their paystub.

Defendant admitted to this payment error and Stericycle calculated the additional amount of overtime an employee might have been owed. 337 employees who might have been underpaid were identified and sent a check for the assumed shortfall to which 10% interest was added. The payments were unconditional and Stericycle did not require the employees to release any potential claim in exchange for these payments (see Barnes Decl.).

### iii.      Vested Vacation Claim

Defendant provided data during formal and informal discovery that demonstrated Plaintiffs and the class did not have a viable vacation claim.

### iv.      Meal and Rest Period Claims

Plaintiffs contend that they were rarely provided a timely full 30 minute meal period as they did not have other employees to cover their work stations. Likewise, there was no meal period on any employee's schedule. Defendant's time card records also demonstrate that many violations occurred, for both first and second meal breaks, without a meal period penalty being paid. Plaintiffs' expert has analyzed these records and many violation were present.

Furthermore, a survey of class members also indicates that they were unable to take rest breaks because of the same coverage issues and Defendant did not pay

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

any hourly employee for any rest break violations. Likewise, class members working 12 hours shifts should have been provided three rest breaks and they were not.

Based on these facts, Plaintiffs claim that, under *Labor Code* §226.7(b), Defendant owes two hours' worth of pay at the employees' regular rate of pay for each day worked (one hour's worth of pay for the unprovided meal period and one hours' worth of pay for the unprovided rest period).

Defendant vigorously defends these claims, arguing that class members' time records show they take compliant meal periods and, pursuant to its policies communicated to class members, class members are free to do what they want during their meal and rest periods. Defendant also relies on declaration testimony from class members to show that they are free to use meal and rest period time as they want. Defendant also argues that it's meal and rest period policies are compliant, as the company does not force any employee to forego taking a meal period, but provides it in accordance with California law and allows the employee the flexibility permitted under California law to choose to take them or not. Defendant contends that Plaintiff's theories of liability for meal and rest periods, require it to police its employees to take meal and rest periods, an obligation which *Brinker* expressly rejected as part of the duty to provide meal and rest periods under the *California Labor Code*. *Brinker, supra*, 53 Cal.4th at 1041 ("the employer is not obligated to police meal breaks and ensure no work thereafter is performed."). Nonetheless, Defendant contends that it went above and beyond the law by making significant efforts to ensure that its employees took meal and rest breaks (see Barnes Decl.).

### v. <u>Remaining Derivative Claims</u>

The remaining wage statement, waiting time penalty and PAGA and unfair competition claims are all derivative of the underlying claims and will only succeed if Plaintiff prevails on one or more of the above claims.

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

## C. The Settlement Has No Obvious Deficiencies

The proposed settlement has no obvious deficiencies. There is no definitive benchmark for determining whether any given settlement is fair. "Ultimately the district court's determination is nothing more than 'an amalgam of delicate balancing, gross approximations and rough justice.'" *Officers for Justice*, *supra*, at 625 (citation omitted). In making its determination, the Court should weigh the benefits that the settlement will realize for the class against the uncertainty of litigation and the possibility that the class members would obtain no relief in the absence of a settlement. *See*, *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) ("...it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements.").

The settlement represents a substantial recovery for the Class, and a well-crafted compromise of the divergent positions of the Parties. Further, the settlement has been reached after considerable negotiation, and extensively guided by the efforts of a highly experienced mediator. Each side evaluated the strengths and weaknesses of their case and independently came to the conclusion that this settlement represents a responsible means of addressing the claims of Plaintiffs and the defenses of Defendant.

## VII.  NATURE AND METHOD OF CLASS NOTICE

As for the content of the notice, Rule 23(c)(2) requires that the notice inform prospective class members of (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3) generally requires the same concepts. "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come

- 23 -

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

forward and be heard." Newberg, 2 *Newberg on Class Actions* §8.32 at 8-103. The proposed Class Notice, attached to Exhibit 2 to the Barnes declaration meets all of these requirements.

## VIII. CONCLUSION

Plaintiffs respectfully request that the Court grant preliminary approval of the proposed settlement and enter the proposed Preliminary Approval Order submitted herewith, and for such additional relief as this Court should deem proper.

Dated: February 5, 2018

LAW OFFICES OF KEVIN T. BARNES
LAW OFFICES OF SAHAG MAJARIAN II

By:     */s/ Kevin T. Barnes*
Kevin T. Barnes, Esq.
Attorneys for Plaintiffs

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

LAW OFFICES OF
KEVIN T. BARNES
5670 WILSHIRE BLVD.
SUITE 1460
LOS ANGELES, CA
90036-5614
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM