Kevin T. Barnes, Esq. (#138477)
Gregg Lander, Esq. (#194018)
LAW OFFICES OF KEVIN T. BARNES
1635 Pontius Avenue, Second Floor
Los Angeles, CA 90025-3361
Tel.: (323) 549-9100 / Fax: (323) 549-0101
Email: Barnes@kbarnes.com

Sahag Majarian II, Esq. (#146621)
LAW OFFICES OF SAHAG MAJARIAN II
18250 Ventura Boulevard
Tarzana, CA 91356-4229
Tel.: (818) 609-0807 / Fax: (818) 609-0892
Email: SahagII@aol.com

Attorneys for Plaintiffs KENNETH MONIZ
And KEVIN HENSHAW, on behalf of
themselves and all others similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO GUTIERREZ, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>STERICYCLE, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No: 2:15-cv-08187-JAK(JEMx)<br>Honorable John A. Kronstadt<br>Courtroom 10B<br><br>**CLASS ACTION**<br><br>**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**<br><br>Date:   March 4, 2019<br>Time:   8:30 a.m.<br>Room:   10B<br><br>Action filed: August 14, 2014<br>Trial Date: None Set |

## DECLARATION OF KEVIN T. BARNES

I, Kevin T. Barnes, declare:

1. I am an attorney licensed to practice before all courts of the State of California. I am counsel for the class action Plaintiff herein and have personal knowledge of the facts thereto. If called as a witness, I could and would

- 1 -

**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**

competently testify herein.

2. I graduated from the University of Colorado at Boulder in 1985 with a degree in Business Administration and Real Estate. I graduated from Loyola Law School of Los Angeles in 1988. I am currently the managing partner in The Law Offices of Kevin T. Barnes in Los Angeles. I am admitted to practice before the following Courts: United States Court of Appeal, Ninth Circuit; United States District Court- Northern, Central, and Eastern Districts of California; United States District Court- District of Colorado, United States District Court- Fourth Circuit; all of California State Courts; and the United States Supreme Court. I have an AV rating with Martindale Hubbell.

3. In 1997, I was one of the first attorneys in the State of California to represent a plaintiff in a class action wage and hour case, specifically the case of <u>Amezcua, et. al. v. Trak Auto Corporation</u>, Los Angeles County Superior Court Case No. BC183900 coordinated with <u>Tett v. Trak Auto Corporation</u>, Los Angeles County Superior Court Case No. BC186931. Since that time, my firm has been hired by many plaintiffs and law firms to serve as class counsel in such cases. Few, if any, attorneys in California are more experienced in wage and hour class action cases than my firm.

4. I have been invited on numerous occasions to speak on class action and wage-and-hour employment issues. I have spoken at seminars by the Labor and Employment Section of the Los Angeles County Bar Association, various labor lawyer associations, mediator seminars and Nuts & Bolts seminars for new lawyers. I was selected as one of the Top 10 Plaintiff Labor and Employment Attorneys in 2008 by the Daily Journal and the Top 75 Labor and Employment Attorneys in 2016 and 2017 by the Daily Journal. I have been selected as a Southern California Super Lawyer from 2007-2018 in Employment and Labor. This recognition is a selection by my peers based upon ethics, experience and reputation and represents the top 5% of our profession. I am also AV rated by

**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**

Martindale-Hubbell, the highest possible rating for a lawyer.

5.  In 2008 I tried with Joseph Antonelli the case of Mutuc v. Huntington Memorial Hospital, Case number BC288727. This is one of the few wage and hour class action cases tried in the state of California. Judge William A. MacLaughlin Issued a Statement of Decision awarding Plaintiffs' $32.8 million which led to a $60 million lump sum settlement. Also in 2008, I tried another wage and hour class action entitled Solis v. Worldwide Network, Inc., et al., Orange County Superior Court Case no. 03CC00069, before Hon. Ronald L. Bauer, which resulted in judgment in favor of Defendant Worldwide Network, Inc. I recently tried a third wage and hour case in San Diego that is currently on appeal.

6.  My firm has also been involved in numerous favorable appellate court decisions which have been very important in wage and hour class action law. These appellate decisions include the following cases:

   a. Huntington Memorial Hospital v. Superior Court (2005) 131 Cal.App.4th 893 (a landmark decisions regarding the manner in which the regular rate must be calculated and what is considered a "subterfuge" to avoid the correct payment of the regular rate and overtime rate);

   b. Tien v. Sup. Ct. (Tenet Healthcare) (2006) 139 Cal.App.4th 528 (protecting the interest of putative class members in a wage and hour case who want their identity protected);

   c. Jaimez v. Daiohs USA, Inc. (2010) 181 Cal.App.4th 1286 (the criteria required to certify pay stub claims, waiting time penalty claims, and meal and break claims among other matters);

   d. Williams v Superior Court (Allstate) (2013) 221 Cal.App.4th 1353 (confirms several important legal theories which support certification regarding common questions);

   e. Cochran v. Schwan's Home Service, Inc. (2014) 228 Cal.App.4th 1137

(one of the first California cases to consider the California Supreme Court decision in *Duran v. U.S. National Bank Association* (2014) 59 Cal.4th 1, holding that plaintiffs can use statistical sampling evidence to establish either liability or damages in a wage and hour class action case. The Schwan's opinion is also a seminal case regarding an employers' obligation to reimburse employees' business expenses under California Labor Code §2802);

  f. Laffitte v. Robert Half International Inc. (2014) 231 Cal.App.4th 860 (Review granted and Opinion superseded by Laffitte v. Robert Half Intern. (2015) 342 P.3d 1232) (use of a common fund recovery for attorneys' fees in class action cases). On May 27, 2016, I argued this case to the California Supreme Court;

  g. Vaquero v. Ashley Furniture Industries Inc. 824 F.3d 1150, 2016 WL 3190862 (9th Cir. June 8, 2016) (limits the impact of *Wal-Mart v. Dukes* (2011) 564 U S. 338 with respect to the issue of commonality, limits the impact of *Comcast v. Behrend* (2013) 133 S.Ct. 1426 with respect to predominance and underscores the 9th Circuit rule that the need for individualized finding with respect to damages does not defeat class certification); and

  h. Vaquero v. Ashley Furniture Industries Inc. (2017) 9 Cal.App.5th 98 (expands the impact of *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864 to commissioned employees for the first time; they must be separately compensated for rest breaks).

 7. Declarant is a very experienced class action counsel, including specializing in the area of wage and hour issues. Some of the class action and wage and hour litigation on which The Law Offices of Kevin T. Barnes has served as Lead and/or Class Counsel are as follows: Cruz v. Suntory Water Group, Inc., Case No. BC243596; Joel v. Athlete's Foot Group, Inc., Case No. BC 234231; Cardilino

**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**

LAW OFFICES OF KEVIN T. BARNES
1635 PONTIUS AVENUE, SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

v. Perrier, Case No. BC 210181 and Holt v. Great Springs Water, OC Superior Court Case No. 810642 ("Arrowhead"); Hines v. CSK Auto; Tett v. CSK Auto and Noel v. CSK Auto, Case No. San Diego Superior Court, Case No. 720346 ("Kragen Auto"); Soto et. al. v. Park Uniform Rental Service, et. al., Case No. BC215318; Amezcua, et. al. v. Trak Auto Corporation, Case No. BC 183900 coordinated with Tett v. Trak Auto Corporation, Case No. BC 186931 matter ("Trak Auto"); Maldonado v. Footstar Center, Inc., Case No. 00CC06359; Calvo, et. al. v. McKesson HBOC, Inc., et. al., Case No. BC 228366 coordinated with Ware, et. al. v. McKesson Water Products Company, Case No. BC 231420 "(Sparkletts"); Franco v. Vans Inc., Case No. 01CC03995; Cruz v. Suntory Water Group, Inc., Case No. BC243596; Toney v. McDonald's Restaurant, et al., Case No. BC234243; Tong v. 21st Century Insurance Company, Case No. 01CC10913 coordinated with Echegaray v. 21st Century Insurance Co., Case No. BC255189 and Requirme v. 21st Century Insurance Co., Case No. BC253952 ("21st Century"); Wood v. Hollywood Entertainment, Case No. CV779511 coordinated with Dannelley v. Hollywood Entertainment, Inc., Case No. OC 816155 and Peterson v. Hollywood Entertainment Corp., Case No. CV788126 ("Hollywood"); and Lynn Lazdowski, et al. v. Bowne of Los Angeles, Inc., Case No. 02CC16722.

  8. The parties engaged in a significant amount of investigation, informal class-wide discovery, and analysis prior to reaching the proposed settlement. The parties engage in law and motion, including a demurrer and motion for remand. Plaintiff propounded demands for production of documents and special interrogatories, all of which sought information and documents relating to Defendant's rounding, donning and doffing, regular/overtime rate, meal, rest and vacation policies affecting its California non-exempt workforce during the class period. Defendant provided both formal and informal production of documents as part of the litigation and for the mediation. Plaintiffs Counsels conducted interviews with class members throughout the state. Plaintiffs retained an expert

- 5 -
**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**

1  economist to review and evaluate all of Defendants time and pay records and
2  create a damage model for mediation. Through this discovery, Plaintiffs were well
3  positioned to evaluate the strengths and vulnerabilities of the claims to engage in
4  settlement discussions at the formal June 12, 2017 mediation and the direct
5  settlement negotiation thereafter the eventually led to this settlement. It is based on
6  the substantial efforts, investigation, and collaboration of Plaintiffs' counsel and
7  Plaintiffs that the instant settlement was reached.

8   9. The settlement amount is, of course, a compromise figure. Plaintiffs took into account the risks that the class would not be certified, could be decertified, risks related to proof of Plaintiffs' claims in trial and on appeal and the strengths and weaknesses of Defendant's other defenses. Plaintiffs also took into account the possibility that if a settlement were reached after additional years of litigation, the great expenses and attorneys' fees of litigation would reduce the amount of funds available to the class members for settlement.

15  10. The class members' response to the settlement is outstanding. **100% of the money will be paid out as there is no reversion to the Defendant and 99.94% of the Class Members are participating in the settlement since there is only one opt out. There are no objections to the settlement and the average Class Member will receive a settlement payment of approximately $563 and the highest will be approximately $3,229. Further, Defendant changes it policies and procedures at issue in this lawsuit by 1) ending its rounding practice; 2) standardizing all of its meal and rest break polices to comply with California law; and 3) changed its pay policy so that all non-discretionary bonuses are included in the regular rate for purposes of overtime calculations** (see Exhibit 1, Decl. of Abigail Schwartz of Rust Consulting).

26  11. I believe that a collective attorney fee of 25% of the total value of this case for all Plaintiffs' counsel is fair and reasonable.

28  12. I am very familiar with the contingent fee market throughout

- 6 -

**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**

Law Offices of
Kevin T. Barnes
1635 Pontius Avenue,
Second Floor
Los Angeles, CA 90025
Tel.: (323) 549-9100
Fax: (323) 549-0101
Barnes@kbarnes.com

California and in the Los Angeles County area, particularly as it pertains to complex employment, wage and hour, and class action litigation. Contingency fee agreements with Plaintiffs, both as individuals and as representatives in class action suits, commonly provide that counsel will receive a fee that is between 1/3-40% of any recovery that is obtained, and, in addition, that counsel be reimbursed for the costs they incurred out of a recovery amount. These are typical and standard percentages in employment related contingency agreements in the Los Angeles, Orange County, and throughout California. Indeed, in my opinion, the Plaintiffs in this complex wage and hour case could not have retained competent counsel in California, particularly with the considerable skill and expertise of my firm for any amount significantly less than the contingency fee percentage provided in these retainer agreements. As the Court is well aware, Plaintiff's counsel has never been paid any money for attorneys' fee on this case, and has advanced all costs.

13. Class Counsel are experienced and qualified to evaluate the Class claims and viability of the defenses. The recovery for each Class Member in the present is fair and reasonable based on all risk factors.

14. The Law Offices of Kevin T. Barnes has total costs of $23,380.40 related to the subject cases (see Itemization of Costs of the Law Office of Kevin T. Barnes as Exhibit 2). The Law Offices of Sahag Majarian II has total costs of $555. As such, class counsels' total litigation costs are $23,935.40. Likewise, Rust Consulting has administration costs of $29,600 (see Exhibit 1, Decl. of Abigail Schwartz of Rust Consulting). These costs were a result of investigation, research, litigation and other related matters to the prosecution of this case.

15. I believe that an award of attorneys' fees in the amount of $500,000 for the work of Plaintiffs' counsel is fair and reasonable. My law office has a total of 413.8 attorney hours including the 25 hours that I expect to spend to prepare for and attend the final approval hearing, contact with class members, contact with the

- 7 -

**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**

claims administrator and to ensure that proper claims administration and distribution occurs to all class members. My standard hourly rate for class action litigation is $750 per hour. I am the Managing partner in my law firm and have extensive experience handling class action litigation as set forth in this declaration.

16. My law partner Gregg Lander is also very experienced in class action litigation. Gregg Lander graduated from Texas A&M University in 1989 with a Bachelor of Business Administration degree in Marketing. He graduated from California Western School of Law in San Diego and was admitted to the California Bar in 1997. He joined The Law Offices of Kevin T. Barnes in 2001 and became a partner in 2004 and has worked almost exclusively on wage and hour class action cases since 2001. He is admitted to practice before the following Courts: all California State Courts, all Texas State Courts, United States District Court for the following California Districts: Northern, Central, Eastern and Southern, United States Court of Appeal for the Ninth Circuit, United States Court of Appeals for Veteran's Claims, United States Court of Appeals for the Armed Forces, United States Court of Appeals for the Federal Circuit, United States Tax Court, United States Court of International Trade, United States Court of Federal Claims and United States Supreme Court. He was recognized as a Southern California Super Lawyer in 2004, and was a speaker at the Bridgeport December 2008 Wage & Hour Litigation Conference. In 2015, Mr. Lander received an AV Preeminent Rating as part of Martindale-Hubbell's Peer Review Rating process. Mr. Lander's standard hourly rate for class action litigation is $650 per hour.

17. My firms' lodestar will be approximately $317,000 (see Exhibit 3- Barnes and Majarian Firm Timesheet). The Law Offices of Sahag Majarian II has total hours of 34.2 with a lodestar of $23,940 (see Decl. of Sahag Majarian II). As such, class counsels' total hours worked are 448 and their lodestar is $317,000. The fee request in this case is $500,000, which is a multiplier of 1.57. Class Counsel believes this requested multiplier is fair and reasonable as there are no objections to

- 8 -

the settlement, only one class member opted out, the average Class Member will receive a settlement payment of approximately $563 and the highest will be approximately $3,229 (see Exhibit 1, Decl. of Abigail Schwartz of Rust Consulting). Further, Defendant changes it policies and procedures at issue in this lawsuit by 1) ending its rounding practice; 2) standardizing all of its meal and rest break polices to comply with California law; and 3) changed its pay policy so that all non-discretionary bonuses are included in the regular rate for purposes of overtime calculations. This is an incredible result.

18.     Furthermore, a key point to consider when awarding Plaintiffs' counsel fees is that Defendants' firms are able to bill their clients on a monthly basis. As verified by a survey conducted by the National Law Journal for the year 2002, six California firms provided their hourly billing rates.  Of these six (6) firms, five (5) regularly charged in excess of five hundred dollars ($500.00) for their partners. In fact, four (4) of these firms charge as high as $600.00, $620.00, $650.00 and up to $850.00 per hour. These firms are located in Orange County, Los Angeles County, San Francisco County and San Diego County (see Exhibit 4).

19.     Finally, Plaintiff attaches the Declaration of Richard M. Pearl in support of a Plaintiff's Motion for Final Approval in the case of <u>Rosa Cantu, et al. v. Pacific Bell Telephone Company</u>, Case No. BC 441237, dated January 4, 2011 (see Declaration of Richard M. Pearl attached as Exhibit 5). Mr. Pearl specializes in issues related to cost-award attorney's fees, including the representation of parties in fee litigation and appeals, serving as an expert witness and serving as a mediator and arbitrator in disputes concerning attorney's fees and related issues. Mr. Pearl is also the author of California Attorney's Fee Awards (3d ed Cal. CEB 2010), as well as the author of the Second Edition, years 1994 through 2008. He has also authored numerous other publications on attorney's fees, as set forth in his Declaration (see paragraph numbers 4 and 5).

20.     Mr. Pearl has reviewed the comparable hourly rates of attorney fees in

- 9 -

**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**

California. He confirms that courts have approved hourly rates of attorneys as follows:

- Rates up to $875.00 in <u>Savaglio, et al. v. Wal-Mart</u>, Alameda County Superior Court, Case No. C-835687-7 (before applying a 2.36 multiplier);
- Rates of up to $750.00 in <u>Kashmiri, et al. v. Regents of UC</u>, San Francisco County Superior Court (before applying a 3.7 multiplier);
- Rates of up to $750.00 in <u>Environmental Law Foundation v. Laidlaw Transit, Inc</u>., San Francisco Superior Court, Case No. CGC-06-451832 (before applying a 1.25 multiplier)(see pages 4 and 5).

21. Additionally, Mr. Pearl has reviewed numerous declarations, depositions and surveys of legal rates on a non-contingent basis for the year 2009 and found hourly rates of up to $775.00, $795.00, $800.00, $855.00, $950.00, etc. (see pages 6-12). These are non-contingent rates where payment in full is expected promptly upon billing (see page 13). These rates indicate that the requested hourly rate, as well as the multiplier, is reasonable in the case-at-hand in view of Plaintiff's counsel experience, the result achieved in this case and the contingent nature of the fees in class action cases.

22. I believe that Class Representative Enhancements of $5,000 for the Class Representative is fair and reasonable. This is based on all facts set forth in the Motion for Final Approval and the Declarations of the Class Representatives.

23. The attorneys' fees in this case will be split two thirds to the Law offices of Kevin T Barnes and one third to the Law offices of Sahag Majarian II. The Class Representatives have signed an attorney fee agreement confirming this division.

///

///

///

- 10 -

**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 4th day of February, 2019, at Los Angeles, California.

By: <u>*/s/ Kevin T. Barnes*</u>
Kevin T. Barnes, Esq.

LAW OFFICES OF
KEVIN T. BARNES
1635 PONTIUS AVENUE,
SECOND FLOOR
LOS ANGELES, CA 90025
TEL.: (323) 549-9100
FAX: (323) 549-0101
BARNES@KBARNES.COM

- 11 -

**DECLARATION OF KEVIN T. BARNES IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS**