UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEY FEES, COSTS AND CLASS REPRESENTATIVE ENHANCEMENTS (DKT. 71)

**I.   Introduction**

On August 14, 2014, Sergio Gutierrez ("Gutierrez") brought this class action in the Los Angeles Superior Court against Stericycle, Inc. ("Defendant," "Stericycle"). *See* Complaint ("Compl."), Dkt. 1-1. Subsequently, Gutierrez passed away, and on August 28, 2015, a First Amended Complaint ("FAC") substituted Kenneth Moniz ("Moniz") and Kevin Henshaw ("Henshaw") (collectively, "Plaintiffs") for Gutierrez as class representatives. *See* Notice of Removal, Dkt. 1 at 2; FAC, Ex. B to Notice of Removal, Dkt. 1-31. The claims advanced in the FAC are based on allegations that Stericycle violated certain wage and hour statutes with respect to its California employees. FAC ¶¶ 1-6. Stericycle removed the action on October 19, 2015. Dkt. 1.

On November 21, 2017, the parties reached a settlement. Dkt. 67-1 at 6. On February 5, 2018, the plaintiffs filed an unopposed Motion for Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion"). Dkt. 67. On October 24, 2018, the Preliminary Approval Motion was granted. Dkt. 70 ("Preliminary Approval Order"). The Preliminary Approval Order reduced the incentive awards for the class representatives and deferred a determination of the reasonableness of the request for an award of attorney's fees to counsel for plaintiffs and the class. *Id.* at 23, 25.

On February 4, 2019, Plaintiffs filed a Motion for Final Approval of Class Action Settlement, Attorney Fees, Costs and Class Representative Enhancements (the "Motion"). Dkt. 71. Defendants did not oppose the Motion. A hearing on the Motion was held on March 4, 2019, and following supplemental briefing it was taken under submission. *See* Dkts. 74, 75.

The Preliminary Approval Order includes a detailed discussion of the factual background of this action. It also addresses the details of the settlement, the basis for a determination that the proposed class should be certified for settlement purposes, and that the settlement should be approved, subject to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

later assessment of the request for an award of attorney's fees. That order is incorporated by this reference.

For the reasons stated in this Order, the Motion is **GRANTED**.

### II.    Summary of Settlement and Notice

A Stipulation of Class Settlement and Release (the "Settlement") was attached to the Preliminary Approval Motion. *See* Settlement, Dkt. 67-3. A brief summary of the Settlement provisions, including the amendment made to the incentive awards pursuant to the Preliminary Approval Order, is also provided in the Motion (Dkt. 71-1 at 9-11). Certain material elements of the Settlement are discussed in the following portion of this Order.

    A.    Class Definition

For purposes of the Settlement, the certified class ("Class") is defined as follows:

> All non-exempt hourly employees who worked for Stericycle in California at an[y] time between August 14, 2010 and September 18, 2017, except the class shall not include: (1) members of the settlement class in the class action *Butler v. Stericycle, Inc.*; (2) any non-exempt employees who worked for Stericycle in California but was hired on or after April 1, 2017; (3) any other individuals who have filed their own lawsuits asserting any of the claims raised in the *Gutierrez v. Stericycle, Inc.* lawsuit; or (4) any Class Member who entered into a general release as part of a settlement of a lawsuit.

Settlement ¶ 3. The parties added the following language in the Proposed Order and Judgment (Dkt. 71-11): "[t]he class shall also exclude weeks worked by employees that were released pursuant to individual settlement agreements that Stericycle entered into with certain current and former employees in or about September 2015." *See also* Dkt. 71-1 at 10 (describing the class period as "excluding periods covered by Pick Up Stix releases").

    B.    The Class Period

The Settlement defines the class period as August 14, 2010 through September 18, 2017. Settlement ¶ 3; Dkt. 71-1 at 10.

    C.    Payments to Class Members

The Settlement provides for a Gross Fund Value ("GFV") of $2,000,000, which Stericycle has agreed to pay to settle all claims at issue between the parties. Settlement ¶ 10; Dkt. 71-1 at 9. The Settlement provides that certain amounts, including attorney's fees and litigation costs, administration expenses, incentive awards to representatives of the Class and PAGA payments, will be paid from the GFV. Settlement ¶ 9; Dkt. 71-1 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

'The parties agree that an additional $460,000 will be deducted from the GFV as a credit for "the amount Stericycle has paid to individual class member[s] who have previously entered into an individual settlement agreement of wage and hour claims under which that class member received a payment." Settlement ¶ 9; Dkt. 71-1 at 9. The remaining Net Fund Value ("NFV") will be distributed to the Class. Settlement ¶ 11(e).

The NFV will be approximately $965,214.60. Dkt. 71-1 at 9. It will be distributed proportionally based on the "number of work shifts each class member worked in a [C]lass position" during the [C]lass period. Settlement ¶ 11(h); Dkt. 71-1 at 9-10.

Following the Preliminary Approval Order, 1,715 class members received notice of the settlement, and were provided with the opportunity to object to the settlement or to opt out of the Class. No class members objected, and one class member opted out. Declaration of Abigail Schwartz ("Schwartz Decl."), Dkt. 71-3 ¶ 15. Consequently, there are 1,714 members of the Class (99.94%), who are participating in the settlement. The average amount of the individual settlement payments is $563.73, with an estimated maximum payment of $3,229.23. *Id.* ¶¶ 15, 17.

    D.    Deductions from the GFV

As noted, the Settlement provides for certain deductions from the GFV in order to calculate the NFV that will be distributed among the Class. This calculation is summarized in the following table:

**Table A: Net Fund Value**

| | Amount | Percent of GFV |
|---|---:|---:|
| **Gross Fund Value ("GFV")** | **$2,000,000** | **100%** |
| Attorneys' Fees and Costs | ($500,000) | 25% |
| Litigation Costs | ($23,935) | 1.2% |
| Enhancement Award to Moniz | ($5,000) | 0.25% |
| Enhancement Award to Henshaw | ($5,000) | 0.25% |
| Settlement Administration Costs | ($29,600) | 1.48% |
| PAGA Payment[1] | ($11,250) | 0.56% |
| Credit for Settlement Sums Already Paid | ($460,000) | 23% |
| **Net Fund Value ("NFV")** | **$965,215** | **48.2%** |

There have been no material changes to the amounts set forth in Exhibit A since the Preliminary Approval Order.[2]

---

[1] The parties have allocated $15,000 for the payment of claims under PAGA. The state will receive a 75% share ($11,250). The remaining $3,750 will be allocated to the NFV. Settlement ¶ 11.

[2] The following changes have been made since the issuance of the Preliminary Approval Order: (i) litigation costs are $2,065 less than the amount approved in that order; and (ii) settlement administration costs are $3,089 more than the amount approved there. This results in a net decrease of $1,024 to the NFV.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

   E.  Notice Plan

The Settlement provided for notice to members of the Class. Settlement. ¶¶ 14-15. The text of the proposed notice was submitted with the Settlement. Ex. A to Settlement, Dkt. 67-3 at 25-28. Counsel approved a formatted version of this notice, which was sent on November 20, 2018, by first-class mail, to all members of the Class. Schwartz Decl. ¶¶ 6-9; *see also* Dkt. 72 (a copy of the notice as mailed).

Class members were notified of their right to opt out of, object to, or dispute the settlement by mailing a notice within 45 days. Settlement ¶ 16; Schwartz Decl. ¶ 9. As of January 4, 2019, one member of the Class had opted out (0.06% of the class members to whom a Notice was mailed). Schwartz Decl. ¶ 15. No objections were received. *Id.* ¶ 16. Additionally, of the 1,715 Notices sent, there are 22 class members (1.28%) whose Notices were returned as undeliverable and for whom no updated or forwarding address could be located. *Id.* ¶ 10.

   F.  Release of Claims

As stated in the Preliminary Approval Order, the Settlement provides that upon final approval of the Settlement, the Settlement Class and each class member who has not opted out will release Stericycle from "any and all claims asserted in the operative Complaint and any other claims based on the same cited statutes or underlying facts." Settlement ¶ 21. The release applies to "any claims arising within the scope of the Lawsuit up through November 30, 2017." *Id.* However, members of the Class are not required to release other claims, including "claims outside the Class Period, claims for unemployment insurance, wrongful termination, hostile work environment, Title VII, FEHA, and disability and workers' compensation." *Id.* The Settlement also provides that the named Plaintiffs, after receiving their incentive awards, waive all rights and benefits under Cal. Civ. Code § 1542, *i.e.*, all claims even if they were not known or suspected to exist at the time of the release. *See id.* ¶ 22.

**III.** **Analysis**

   A.  Class Certification

The Preliminary Approval Order included a detailed analysis of the basis for certification of the Class for purposes of settlement. Dkt. 70 at 7-13. The size of the class has since increased from approximately 984 to 1,715. This ratifies the prior analysis as to numerosity. There have been no other material changes to the Rule 23 factors. Therefore, for the reasons stated in the Preliminary Approval Order, the Motion is **GRANTED** as to certification of the Class.

   B.  Final Approval of the Settlement Agreement

     1.  Legal Standards

Fed. R. Civ. P. 23(e) requires a two-step process in considering whether to approve the settlement of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

class action. *First*, a court must make a preliminary determination whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Acosta v. Trans Union, LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)). *Second,* if preliminary approval is granted, class members are notified, and any objections by members of the Class are reviewed, a court determines whether final approval of the settlement should be granted by applying several criteria.

At the final approval stage, a court must consider "the fairness of a settlement as a whole, rather than assessing its individual components." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818-19 (9th Cir. 2012). The following non-exclusive factors are among those that may be considered during both the preliminary and final approval processes:

(1) the strength of the plaintiff's case;
(2) the risk, expense, complexity, and likely duration of further litigation;
(3) the amount offered in settlement;
(4) the extent of discovery completed and the stage of the proceedings;
(5) the experience and views of counsel;
(6) any evidence of collusion between the parties; and
(7) the reaction of the class members to the proposed settlement.

*See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000).

Each factor does not necessarily apply to every class action settlement, and others may also be considered. For example, courts often consider whether the settlement is the product of arms' length negotiations. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). As noted, the ultimate question is whether the settlement is "fair, adequate, and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F. 3d 1101, 1027 (9th Cir. 1998).

      2.    <u>Application</u>

           a)    In General

The Preliminary Approval Order considered the relevant factors in detail and concluded that the strength of the plaintiff's case, the risks and expense of further litigation, the extent of discovery completed, the experience and views of counsel, and the lack of evidence of collusion between the parties all weighed in favor of granting approval. Dkt. 70 at 15, 20-22.[3] No new information has been

---

[3] In December 2018, after the Preliminary Approval Order was issued, Rule 23(e) was amended. The Settlement satisfies the requirements of the amended Rule 23 for the same reasons that it satisfied the previous version. This conclusion is consistent with the comments of the Advisory Committee, that "[t]he goal of [the] amendment [was] not to displace any factor" that would have been relevant prior to the amendment, but rather to address inconsistent "vocabulary" that had arisen among the circuits and "to focus the court and the lawyers on the core concerns" of the fairness inquiry.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

presented that would change these conclusions. However, in the Preliminary Approval Order the reaction of class members was unknown, and final determination of the amount of the settlement as well as the award of attorney's fees, was deferred.

        b)      Reaction of the Class Members

As discussed above, members of the Class could opt out of or object to the Settlement by sending a notice within 45 days. Settlement ¶ 16; Schwartz Decl. 9. As of January 4, 2019, one had opted out, and none had objected. This is an opt-out rate of approximately 0.06% percent. A low proportion of opts outs and objections "indicates that the class generally approves of the settlement." *In re Toys R Us-Delaware, Inc.—Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 456 (C.D. Cal. 2014) (citing cases); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

Accordingly, this factor weighs in favor of approval of the Settlement.

        c)      Amount Offered in Settlement

The Preliminary Approval Order discussed in detail the amount of the Settlement. *See* Dkt. 70 at 15-20. The Order noted, however, that the analysis would be renewed in connection with the Motion for Final Approval.

        (1)      "Pick Up Stix" Settlements

After this action was filed on August 14, 2014, Defendant "offered individual settlements to individuals who will fall within the Settlement Class pursuant to *Chindarah v. Pick Up Stix, Inc.*" Dkt. 71-1 at 9; *see also Chindarah v. Pick Up Stix, Inc.*, 171 Cal. App. 4th 796 (2009). Defendant paid "$460,000 to class members" ("Individual Settlements") as part of this process. Dkt. 71-1 at 9. Those who received Individual Settlements may also benefit from the Settlement, insofar as they "will receive money for all of their work shifts worked after the time period covered by their individual settlement agreement." Dkt. 67-1 at 8-9.

The parties later agreed that the total amount of the Individual Settlements would be included in the Settlement GFV. Dkt. 71-1 at 9. Therefore, although the "settlement is for a total amount of $2,000,000," that includes a $460,000 "credit" for Individual Settlements. *Id.*

As previously noted, there is no showing that there was any impropriety that led to any of the Individual Settlements. Dkt. 70 at 17. However, supplemental briefing addressed whether the Individual Settlements are properly included within the GFV. *See* Dkts. 74, 75. The details of the Individual Settlements, which approximately 717 individuals entered, were also provided. Dkt. 75 ¶ 3. These individuals received approximately $5.68 per work week, compared to approximately $7.98 per work week payable under the Settlement with the Class. *Id.* This represents a 40% premium for class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

members. This mitigates concerns as to the appropriateness of the Individual Settlements.

Including Individual Settlements within the GFV effects a reduction in the NFV, due to the deduction of attorney's fees based on a percentage of GFV. Class Counsel argue that such an award is warranted pursuant to the "catalyst theory," discussed below in connection with the fee award. Although there is no applicable, appellate authority, Class Counsel cite decisions in several California Superior Court actions in which Pick Up Stix settlements were included in the value of class action settlement funds. *See, e.g.*, *Sforza v. Go Wireless, Inc*, No. BC636573 (Cal. Super. Ct. 2019), Dkts. 75-4, 75-5, (approving a settlement amount of $2,100,000 inclusive of $700,000 in separately-settled claims); *Goodwin v. CSI at PH, LLC*, No. 30-2016-00844674 (Cal. Super. Ct. 2018), Dkt. 75-6 (approving a settlement of $525,000 "subject to a credit for monies previously paid . . . into Pick Up Stix settlement agreements"); *Gutierrez v. Southern Countries Oil Co.*, No. 37-2017-00040850 (Cal. Super. Ct. 2018), Dkts. 75-7, 75-8 (approving a settlement of $1,912,500 inclusive of "amounts paid by Defendants to current employees after it [sic] was served with Plaintiff's LWDA notice"). In all cases, inclusion was permitted notwithstanding a calculation of attorney's fees based on the GFV.

For all of the foregoing reasons, and those stated in the Preliminary Approval Order, the monetary amount of the Settlement is appropriate.

      (2)  <u>Sufficiency of Monetary Damages</u>

The Preliminary Approval Order included a detailed analysis of the sufficiency of the monetary damages award. Dkt. 70 at 18-20. This analysis assumed an NFV of $966,239. In light of the reduced incentive awards and other minor changes discussed above, the NFV is $965,215. There is no material change in the amount of damages paid, or the benefits received by members of the Class. Therefore, and for the reasons stated in the Preliminary Approval Order, the amount of damages paid is reasonable.

      \*         \*         \*

For the foregoing reasons, and those stated in the Preliminary Approval Order, the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant final approval. Accordingly, the Motion is **GRANTED** as to final approval of the Settlement.

    C.  PAGA Payment

The Preliminary Approval Order included a detailed analysis of the PAGA award, and concluded that it was appropriate. Dkt. 70 at 22. There have been no material changes that would affect that analysis. Therefore, for the reasons stated in the Preliminary Approval Order, the Motion is **GRANTED** as to the PAGA award.

    D.  Incentive Awards

The Preliminary Approval Order included a detailed analysis of the incentive awards to each of the two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

named Plaintiffs, and determined the awards should be reduced to $5,000. *Id.* at 22-23. There have been no material changes that would affect that analysis, and the reduced amount has been adopted in the Motion. Dkt. 71-1 at 11; *see also* Declarations of Kevin Henshaw and Kenneth Moniz, Dkts. 71-9 ¶ 13; 71-10 ¶ 13 (accepting the reduced award). Therefore, for the reasons stated in the Preliminary Approval Order, the Motion is **GRANTED** as to $5,000 incentive awards to Moniz and Henshaw.

E. Attorney's Fees and Costs

The Preliminary Approval Order deferred a decision on the appropriateness of the attorney's fees until the Final Fairness hearing. This approach was adopted to permit the review of further evidence from Class Counsel and any responses from members of the Class in response to the notice that followed the Preliminary Approval Order. Dkt. 70 at 24-25.

1. Legal Standards

Attorney's fees and costs "may be awarded in a certified class action where so authorized by law or the parties' agreement." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011). However, "courts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount*." Id.*; *see also* Fed. R. Civ. P. 23(h). "If fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton* , 327 F.3d at 964. Thus, a district court must "assure itself that the fees awarded in the agreement were not unreasonably high, so as to ensure that the class members' interests were not compromised in favor of those of class counsel." *Id.* at 965. Factors considered in examining the reasonableness of the fee include: (1) whether the results achieved were exceptional; (2) risks of litigation; (3) non-monetary benefits conferred by the litigation; (4) customary fees for similar cases; and (5) the contingent nature of the fee and financial burden carried by counsel. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

In common fund cases, a district court has discretion to choose either "the percentage-of-the- fund or the lodestar method" to assess the reasonableness of requested attorney's fees. *Id.* at 1047. When the percentage-of-fund method is chosen, 25% of the total settlement amount is the "benchmark." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989). Any amount between 20-30% is within the "usual range." *Vizcaino*, 290 F.3d at 1047. That amount may be "adjusted upward or downward to account for any unusual circumstances involved in [the] case." *Paul*, 886 F.2d at 272. Although 25% is the "starting point," it may in some cases constitute a windfall for counsel. *Fischel v. Equitable Life Assurance Soc'y of U.S.*, 307 F.3d 997, 1007 (9th Cir. 2002). For this reason, the selection of the benchmark or any other rate "must be supported by findings that take into account all of the circumstances of the case." *Vizcaino*, 290 F.3d at 1048. If a court elects to employ a percentage-of-fund method, it may "cross-check" this amount by calculating the lodestar. *Id.* at 1050. "Thus, while the primary basis of the fee award remains the percentage method, the lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
|---|---|---|---|
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

"The lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *In re Bluetooth,* 654 F.3d at 941. After the lodestar amount is determined, a trial court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). A court has discretion to "adjust the lodestar upward or downward using a multiplier that reflects a host of reasonableness factors, including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment." *Stetson v. Grissom*, 821 F.3d 1157, 1166-67 (9th Cir. 2016) (internal quotation marks and citation omitted).

  2.  <u>Application</u>

    a)  Attorney's Fees

Plaintiffs and members of the Class have been represented by The Barnes Firm and the Majarian Firm. *See* Settlement ¶ 4. The Settlement provides for an award to Class Counsel not to exceed 25% of the GFV. *See id.* ¶ 11(a). Counsel declare that the 25% rate is reasonable based on the benchmarks for awards of attorney's fees approved in prior Ninth Circuit decisions. *See* Dkt. 71-1 at 11-15; Declaration of Kevin T. Barnes ("Barnes Decl.") ¶ 11; *see also Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 448 (E.D. Cal 2013) ("The typical range of acceptable attorneys' fees in the Ninth Circuit is 20 percent to 33.3 percent of the total settlement value, with 25 percent considered a benchmark percentage.").

Class Counsel declare that, in addition to the monetary benefits to the Class, Defendant has also agreed to change its policies in a manner that will benefit members of the Class who remain employed with Defendant. Barnes Decl., Dkt. 71-2 ¶ 10. Defendant will be "ending its rounding practice," "standardizing all of its meal and rest break policies to comply with California law," and "chang[ing] its pay policy so that all non-discretionary bonuses are included in the regular rate for purposes of overtime calculations." *Id.* Such changes support an award of attorney's fees under a "catalyst theory," pursuant to which "attorney fees may be awarded even when litigation does not result in a judicial resolution if the defendant changes its behavior substantially because of, and in the manner sought by, the litigation." *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 560 (2004). Class Counsel argue that this theory provides further support for the maximum award: 25% of the GFV of $2,000,000, or $500,000. Dkt. 71-1 at 23. As discussed above, the GFV includes $460,000 in Individual Settlements.

Class Counsel did not represent those members of the Class who entered Individual Settlements. Nor were those settlements reached as part of the resolution of this action. Dkt. 74 at 2. However, Class Counsel state, and defense counsel do not dispute, that the Individual Settlements were "a direct attempt" by Defendant to minimize its liability. *See* Dkt. 71-1 at 9. They were prompted by the pendency of this action. Thus, Class Counsel argue that inclusion of Individual Settlements within the GFV is justified for purposes of fee award calculation.

There is evidence here that, but for the effort of Class Counsel in bringing this action, which they did on a contingency basis, the Individual Settlements would not have been offered. There is some support for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

this position in several California cases in which fee awards have been based on the combined value of class and individual settlements. *See, e.g.*, *Sforza*, No. BC636573, Dkts. 75-4 ¶ 6, 75-5 at 10-11 (awarding $700,000 as "compensation for all attorney time spent on this matter from inception," which was one-third of a settlement of $2,100,000 inclusive of $700,000 in Pick Up Stix settlements); *Goodwin*, No. 30-2016-00844674, Dkt. 75-6 ¶ 9 (awarding $175,000, which was one-third of a settlement of $525,000 inclusive of Pick Up Stix settlements); *Gutierrez*, No. 37-2017-00040850, Dkts. 75-7 ¶ 12; 75-8 at 9 (awarding $637,500, which was one-third of a settlement of $1,912,500 inclusive of individual settlements).

Accordingly, and in light of the absence of any objections by members of the Class, an attorney's fee award based on the entire GFV is appropriate. As discussed above and in the Preliminary Approval Order, a 25% contingency fee is the "benchmark," and has been approved in similar actions. Pursuant to *Vizcaino*, 290 F.3d at 1050, this figure is subject to a cross-check through the lodestar process.

(1)     Time Spent by Class Counsel

Counsel submitted evidence, which included time records, to support the proposed fee award. *See* Ex. 3 to the Barnes Decl., Dkt. 71-5. These records reflect that three attorneys -- Kevin Barnes ("Barnes"), Gregg Lander ("Lander"), and Sahag Majarian ("Majarian") – together worked 448 hours litigating the action. *Id.*; *see also* Barnes Decl. ¶ 17. The evidence also reflects that the respective hourly rates of Barnes, Lander, and Majarian at the relevant time were $750, $650, and $700, respectively. This resulted in a lodestar of $317,000. *See* Ex. 3 to Barnes Decl, Dkt. 71-5.

(2)     Hourly Rates

In determining a reasonable hourly rate, "[t]he fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987).

The attorneys who worked on this matter have substantial experience in complex employment litigation. *See* Barnes Decl., Dkt. 71-2 ¶ 7 (citing more than 20 prior wage-and-hour class actions in which Barnes served as lead or class counsel); *id.* ¶ 16 ( Lander has worked "almost exclusively" on wage-and-hour actions since 2001); *see also* Declaration of Sahag Majarian II ("Majarian Decl."), Dkt. 71-8 ¶¶ 2-3 (citing "no less than 50 wage and hour class actions" in which Majarian has served as co-class counsel). Class Counsel also identify other California wage-and-hour class actions from in which hourly rates of $650 or more were approved for lawyers with about 20 years of experience. Barnes Decl., Dkt. 71-2 ¶ 20; Declaration of Richard M. Pearl ("Pearl Decl."), Dkt. 71-7 ¶ 9. Class Counsel declare that each has been practicing in this field for approximately 20 years. Barnes Decl., Dkt. 71-2 ¶¶ 2, 16; Majarian Decl., Dkt. 71-8 ¶ 2. Class Counsel also provide information as to 2002 billing rates for five large California law firms. Ex. 4 to Barnes Decl., Dkt. 71-6. Four of these firms have billing rates for partners of up to $600-850 per hour. *Id.*

Finally, Plaintiffs have submitted evidence that supports the hourly rate ($750) charged by Barnes. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

Barnes Decl, Dkt. 71-2 ¶ 4. Barnes has been highly rated as a lawyer in wage and hour matters by the *Daily Journal*, and has been selected by peers as in the top 5% of counsel in this field. *Id.*

Based on the evidence that has been presented, as well as the Court's familiarity with hourly rates that are charged within this District, the proposed rates are reasonable.

(3)　　Hours Billed

The billing records that have been submitted describe tasks performed by each attorney. They include the corresponding amount of time spent on each task, and the resulting charge based on the number of hours worked multiplied by the applicable hourly rate. *See* Ex. 3 to Barnes Decl., 71-5. The records are summarized in the following table:

**Table B: Attorney Billing**

| Attorney | Hours | Billing Rate | Total |
|---|---|---|---|
| Kevin Barnes | 240.9 | $750 | $180,675 |
| Gregg Lander | 172.9 | $650 | $112,385 |
| Sahag Majarian II | 34.2 | $700 | $23,940 |
| **Total** | **448** | **$707.59** | **$317,000** |

The requested award of $500,000 represents a performance multiplier of approximately 1.58 over the $317,000 Lodestar amount ($500,000 / $317,000 = 1.58).

As noted in the Preliminary Approval Order:

> Whether an award greater than the lodestar is warranted in this action turns on several factors. They include that counsel have substantial experience in wage and hour litigation and represented the Class on a contingency basis thereby taking the risk that they might not receive any payment for their services of the $26,000 in cost[s] that were incurred. They also achieved a substantial benefit for members of the Class, both with respect to immediate monetary relief and policy changes. Finally, a 25% contingency fee has been approved in similar actions.

Dkt. 70 at 25.

These factors support an award of $500,000. A lodestar multiplier of three to four has been applied in prior cases. See, e.g., *Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 298 (N.D. Cal.1995) ("Multipliers in the 3–4 range are common in lodestar awards for lengthy and complex class action litigation."). *Martin v. FedEx Ground Package Sys., Inc.*, 2008 WL 5478576, at *8 (N.D. Cal. Dec. 31, 2008), approved a multiplier of 1.48, and described it as "reasonable, indeed on the low side." For these reasons, the requested multiplier is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

                  *                  *                  *

For the foregoing reasons, the Motion is **GRANTED** as to a fee award of $500,000.

        b)        Costs

The Final Settlement also provides for an award of costs of $23,935, which were incurred by Class Counsel. Barnes Decl. ¶ 14. To support this award, Class Counsel submitted evidence as to this amount. Ex. 2 to Barnes Decl., Dkt. 71-4. These costs are summarized in the following table:

**Table C: Costs**

| Item | Cost |
|---|---|
| Court Costs | $119.00 |
| Filing Fees | $3,075.08 |
| Parking | $54.00 |
| JAMS Arbitration/Mediation Fees | $4,200.99 |
| Data Search | $8,293.00 |
| Expert Fees | $5,750.00 |
| Court Reporter Fees | $427.13 |
| Federal Express | $286.59 |
| Travel (Mediation) | $929.58 |
| Scanning, Copying, and Postage | $246.82 |
| **Total** | **$23,380.40** |

The requested costs are reasonable and were necessary. Accordingly, the Motion is **GRANTED** as to an award of costs of $23,380.40.

      F.        Class Representatives and Class Counsel

The Preliminary Approval Order included a detailed analysis of the suitability of Moniz and Henshaw as representatives of the Class. It also discussed the qualifications of the Barnes Firm and Majarian to serve as Class Counsel. Dkt. 70 at 25. There have been no material changes that would affect that analysis. Therefore, and for the reasons stated in the Preliminary Approval Order, the Motion is **GRANTED** as to the designation of the Class Representatives and Class Counsel.

      G.        Class Notice

           1.        <u>Legal Standards</u>

Rule 23(e) requires that a court "direct notice in a reasonable manner to all class members who would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV15-08187 JAK (JEMx) | Date | March 22, 2019 |
| Title | Sergio Gutierrez v. Stericycle, Inc. | | |

be bound by" a proposed class settlement. Fed. R. Civ. P. 23(e). Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

      2.      Application

The proposed notice to class members was submitted with the Settlement. *See* Ex. A to Settlement, Dkt. 67-3 at 25-28. The Preliminary Approval Order included a detailed analysis of why the proposed notice was sufficient. Dkt. 70 at 25-26. Notice was then formatted by a third party, approved by counsel, and mailed to class members. Schwartz Decl. ¶ 6. A copy of this Notice was filed as required by a prior Order (Dkt. 72) on February 27, 2019. Dkt. 73.

There have been no material changes that would affect the prior analysis. Therefore, and for the reasons stated in the Preliminary Approval Order, the Motion is **GRANTED** as to approval of the notice to the Class.

**IV.**      **Conclusion**

For the foregoing reasons, the Motion is **GRANTED**. Judgment shall be entered dismissing the action with prejudice; provided, however, that the Court shall retain jurisdiction with respect to any issues that arise as to the disbursement of unclaimed settlement funds and related matters. Counsel shall lodge a proposed final judgment in Word format on or before April 1, 2019. On or before May 1, 2019, the parties shall submit a joint report setting forth their collective and/or respective views as to whether any issues relating to the disbursement of settlement funds remain, and, if so, a proposed method and schedule for their resolution.

**IT IS SO ORDERED.**

                                                                                                        :

Initials of Preparer    ak